STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-94

DANIELLE C. GARRICK

VERSUS

WAL-MART STORES, INC., ET AL.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 09-01238
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

AFFIRMED.

Keith Joseph Landry
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598-1129
Telephone: (337) 291-1420
COUNSEL FOR:
        Defendants/Appellees - Wal-Mart Stores, Inc. and Claims
        Management, Inc.

Tina Louise Wilson
Cox, Cox, Filo, Camel & Wilson
723 Broad Street
Lake Charles, LA 70601
Telephone: (337) 436-6611
COUNSEL FOR:
        Plaintiff/Appellant - Danielle C. Garrick

**THIBODEAUX, Chief Judge.**

The plaintiff, Danielle Garrick, appeals the judgment of the Office of Workers' Compensation (OWC) finding that Ms. Garrick failed to meet her burden of proving a work-related accident and/or injury. She seeks reversal of the OWC's judgment, an award of temporary total disability benefits from the date of the alleged accident to the present, payment of all accident-related medical expenses, and penalties and attorney fees for defendant Wal-Mart's failure to properly investigate and pay the claim. For the reasons below, we affirm the judgment of the OWC.

## I.

## ISSUE

We must decide whether the OWC erred by concluding that Ms. Garrick failed to meet her burden of proving a work-related accident and/or injury.

## II.

## FACTS AND PROCEDURAL HISTORY

Ms. Garrick worked at Wal-Mart as a salesclerk, performing various duties including stocking, zoning, assisting customers, answering phones, and occasionally working as a cashier. In the course of her work, Ms. Garrick allegedly suffered an unwitnessed accident on or about September 21, 2008. At trial, several witnesses testified, and both parties introduced into evidence deposition testimony of additional witnesses.

Ms. Garrick testified that while she was stocking merchandise during the graveyard shift, she felt a sharp pain in her lower back. She testified that she told Tarhonda Malbrough, the zone merchandise supervisor and overnight support manager, and Robert Scothorn, an assistant manager, that her back was hurting. She later told Ms. Malbrough that she was going home. Ms. Garrick testified that she

reported to work the next day at 2:00 p.m., and she informed Paula Lessard, Human Resources Personnel Manager, that she hurt her back. Ms. Garrick claims that Ms. Lessard instructed her to complete a report by contacting the night crew. Ms. Garrick testified that two days after the accident, she informed Lois Collins, another employee, that she hurt herself at work, and Ms. Collins allowed Ms. Garrick to answer the telephone while Ms. Collins worked on the floor. Ms. Collins testified that she recalls making such a special allowance for Ms. Garrick, but she testified that she was not aware that Ms. Garrick suffered a work accident.

Similarly, Mr. Scothorn and Ms. Malbrough testified that they were not aware that Ms. Garrick suffered a work accident. Mr. Scothorn recalled, however, that on the night of the alleged accident, Ms. Garrick left work early because she was hurting. Ms. Malbrough, however, did not recall that Ms. Garrick left work early on the night of the alleged accident, and Ms. Malbrough testified that if Ms. Garrick had informed her that she had an accident, Ms. Malbrough would have been required to fill out an accident report.

An accident report was made in October 2008, a full month following the date of the alleged accident. Ms. Lessard testified that she had no independent knowledge of Ms. Garrick telling her about a work-related accident, but she assumes she was told of the incident on October 20, 2008, because that is the date of the employer's accident report.[1] Further, documentary evidence indicates that Ms. Garrick did not complete the paperwork required for a leave of absence until October 20, 2008.

---

[1]Block number 7 on the accident report, however, indicates the employer knew of the injury on September 22, 2008.

Kenneth Beam, an assistant manager at Wal-Mart who supervised Ms. Garrick, testified that he recalled discussing Ms. Garrick's back issues with her. He did not recall Ms. Garrick telling him that she suffered an injury at work.

Several medical professionals also testified in this matter. Dr. John Colligan testified that he did not treat Ms. Garrick for a work-related accident. Though Dr. Colligan gave Ms. Garrick an "off work" slip in March 2009 at her request, and though the nurse wrote on the slip "severe back and leg pain," Dr. Colligan insisted that as of March 30, 2009, nothing indicated that Ms. Garrick suffered a work-related accident. He simply considered Ms. Garrick to suffer from chronic back pain.[2] No medical records from the Southwest Center for Health Services, Ms. Garrick's primary treatment facility, indicate that Ms. Garrick suffered a work accident. Dr. Isaac Freeborn, a physician at the clinic, testified, however, that despite that fact, he remembers Ms. Garrick informing him that she suffered an accident at Wal-Mart.

Jeremy Morris, a registered nurse at Lake Charles Memorial Hospital, testified about Ms. Garrick's visit to Memorial on September 30, 2008. The medical record from that date indicates that Ms. Garrick was able to ambulate to the treatment room with left-side low back pain, extending to both legs. According to the hospital record, Ms. Garrick denied suffering a recent injury.

The workers' compensation judge (WCJ) evaluated the testimony and found that other evidence discredits or casts serious doubt on Ms. Garrick's version of the incident. She held that Ms. Garrick failed to establish that the workplace incident was the most reasonable explanation for her injuries. Thus, the WCJ denied

_____

[2]It is undisputed that Ms. Garrick underwent back surgery in 2004. It is further undisputed that she continued to have lower back pain following the back surgery. Moreover, on April 28, 2008, Ms. Garrick was involved in a car accident. Records from Women & Children's Hospital indicate that Ms. Garrick was a passenger in the collision. At that time, Ms. Garrick complained that she hit her knees and jerked her back due to the collision.

Ms. Garrick's claim for workers' compensation benefits. Ms. Garrick appeals that judgment.

## III.

## LAW AND DISCUSSION

### Standard of Review

The WCJ's findings of fact are reviewed under the "manifest error – clearly wrong standard." *Dean v. Southmark Const.*, 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117. We cannot disturb the WCJ's findings of fact as long as they are reasonable and supported by the record. *Id.* The WCJ's findings as to whether the claimant has met his burden of proof are factual and cannot be disturbed on review unless clearly wrong or manifestly erroneous. *Stutes v. Koch Services, Inc.*, 94-782 (La.App. 3 Cir. 12/7/94), 649 So.2d 987, *writ denied*, 95-846 (La. 5/5/95), 654 So.2d 335.

### Proving an Unwitnessed Accident and/or Injury

"As a threshold requirement, a worker in a compensation action must establish 'personal injury by *accident* arising out of and in the course of his employment.'" *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357, 360 (La.1992) (emphasis added) (quoting La.R.S. 23:1031). Though Louisiana courts view the question of whether an accident occurred from the worker's perspective, the worker's burden of proof is not relaxed. *Id.*

The plaintiff in a compensation action has the burden of proving a work-related accident by a preponderance of the evidence. "A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's

4

version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident." *Bruno*, 593 So.2d at 361.

Here, the WCJ found that Ms. Garrick failed to meet the burden articulated in *Bruno*. We agree that credible evidence cast serious doubt on Ms. Garrick's version of the events. Though Ms. Garrick's testimony was loosely corroborated by other witnesses, inconsistencies abound. For example, Ms. Collins corroborated Ms. Garrick's testimony that Ms. Garrick answered the telephones while Ms. Collins worked the sales floor, but Ms. Collins was not aware that Ms. Garrick suffered a work-related accident. Similarly, though Dr. Freeborn testified that Ms. Garrick informed him that she suffered a work-related accident, he could not recall when she made that statement, and he was unable to testify whether her condition was due to trauma or if her condition was due to her chronic back condition.

Moreover, other credible witnesses and documentary evidence cast serious doubt on Ms. Garrick's version of the events. To support Ms. Garrick's version of the events, one would be required to disregard the seemingly credible testimony of her co-workers and the documentary evidence. Ms. Malbrough, the supervisor present the night of the alleged incident, did not recall Ms. Garrick informing her that she needed to leave work early due to a work injury. Similarly, Mr. Scothorn, an assistant manager, did not recall that Ms. Garrick suffered a work-related injury. While the employer's report of injury indicates that Ms. Garrick suffered an injury in September 2008, the report was not completed until October 2008, when Ms. Garrick completed documents for a leave of absence from Wal-Mart.

Witnesses who observed Ms. Garrick in a medical setting also cast doubt on her claim. Dr. Colligan testified that he did not treat Ms. Garrick for a work-related accident, and emergency room records of Lake Charles Memorial Hospital on

September 30, 2008, do not indicate that Ms. Garrick was involved in a work-related accident.

Thus, we find that the WCJ did not manifestly err in finding that Ms. Garrick failed to meet her burden of proving a work-related accident and/or injury.

IV.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the WCJ. Costs of this appeal are assessed to Ms. Garrick.

**AFFIRMED.**